UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-CV-10746-RWZ

GREGORY WORKMAN

v.

OUTFRONT MEDIA, LLC

MEMORANDUM & ORDER

July 22, 2020

ZOBEL, S.D.J.

Plaintiff Gregory Workman's second amended complaint against his former employer, Outfront Media, LLC ("Outfront"), alleges in counts IV through VIII disability discrimination, age discrimination, and retaliation in violation of the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws ch. 151B, as well as retaliation and interference with protected rights in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615.  Defendant has moved for summary judgment on those counts.[1]

I.   Facts[2]

Outfront Media sells outdoor advertising.  In September 2015, at age 39, plaintiff joined the firm as an Account Executive.  His responsibilities were to generate sales and manage existing client relationships. In 2016, his first full year in defendant's employ,

---

[1] Counts I through III allege violations of the Massachusetts Equal Pay Act, Mass. Gen. Laws ch. 149 § 148, which are not included in defendant's motion.
[2] These undisputed facts are derived from defendant's statement of material facts and plaintiff's response thereto.  Dockets 27, 29.

1

Mr. Workman exceeded his $252,600 sales quota by generating $431,981 in revenue. The company's other salesperson, however, surpassed a goal of nearly $1.5 million.

Outfront then won a big contract to sell advertisements on Massachusetts Bay Transportation Authority ("MBTA") property. As a result, it absorbed a number of new salespeople who had previously serviced that account. Several of the new employees were women in their twenties.

In 2017, plaintiff's sales quota increased to almost $2 million. This was less than the average target for the office and four other salespeople's numbers were higher. Nevertheless, plaintiff failed to meet that goal and finished the year with either $1.3 million or $1.6 million in sales (this number is disputed). His third and fourth quarter sales in 2017 were also short of his assigned share.

In 2018, plaintiff's annual quota was reduced to just under $1.5 million. But he was hospitalized for a month in January for diverticulitis, for which he was granted a leave of absence. Nonetheless, in April, he was placed on a performance improvement plan ("PIP"), which required him to meet at least 50% of his 2018 annual sales target by the end of June. Outfront asserts its practice was to place on a PIP employees who missed three quarters' targets in a row. Plaintiff, however, sent an email in June 2018 asserting that the PIP was motivated by his age. At the end of June, he was at only 25.2% of his annual quota, and he was fired.

**II.     Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a).  "An issue is 'genuine' for purposes of summary judgment if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' and a 'material fact' is one which 'might affect the outcome of the suit under the governing law.'" Poulis-Minott v. Smith, 388 F.3d 354, 363 (1st Cir. 2004) (quoting Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90 (1st Cir. 1993)).  The court reviews the record in the light most favorable to the nonmoving party.  Podiatrist Ass'n, Inc. v. La Cruz Azul De P.R., Inc., 332 F.3d 6, 13 (1st Cir. 2003).

In employment discrimination cases, "where elusive concepts such as motive or intent are at issue, summary judgment is not a favored tool."  Luciano v. Coca–Cola Enters., Inc., 307 F.Supp.2d 308, 317 (D.Mass. 2004).

### III. Analysis

#### a. Disability Discrimination (Count IV)

Under chapter 151B, a plaintiff's prima facie case for disability discrimination must show that he (1) had a qualified disability, (2) was capable of performing the essential functions of his job with reasonable accommodation, and (3) requested such an accommodation; and that (4) the employer rejected the request and (5) the rejection resulted in some harm.  Alba v. Raytheon Co., 809 N.E.2d 516, 522 n.9 (Mass. 2004).

Plaintiff claims he requested a reasonable accommodation when he asked that his 2018 quota be adjusted because of his medical leave.  Outfront denies that he made any such request.  Defendant also argues it sufficiently accommodated Mr. Workman's disability by having another employee "cover" his accounts while he was away.  Based on this information, a reasonable factfinder could find that an appropriate accommodation was not made.

Defendant argues that any reasonable adjustment would nevertheless have been futile because Mr. Workman was so far from meeting his targets. Because the reasonableness of the adjustment amount is a disputed issue of fact, summary judgment is denied.

### b. Age Discrimination (Count V)

The prima facie case for a chapter 151B age discrimination claim is: 1) plaintiff is a member of a protected class; 2) he performed his job at an acceptable level; 3) he was terminated; and 4) the employer sought to fill his position by hiring another individual with similar qualifications to plaintiff's. Sullivan v. Liberty Mut. Ins. Co., 825 N.E.2d 522, 531 (Mass. 2005). In this case, Mr. Workman simply cannot show that he performed his job at an acceptable level. The only year in which he met his sales quota was 2016, his first full year, and it was dramatically lower than that of the other salesperson at the firm. As to this count, the motion is, therefore, allowed.

### c. The Retaliation Claims (Counts VI and VII)

The prima facie case for both Massachusetts and FMLA retaliation claims requires the plaintiff to show a causal connection between the adverse employment action (firing plaintiff) and a protected activity (Mr. Workman's email raising concerns about age discrimination or his FMLA leave). McArdle v. Town of Dracut/Dracut Pub. Sch., 732 F.3d 29, 35 (1st Cir. 2013) (FMLA); Mole v. Univ. of Massachusetts, 814 N.E.2d 329, 339 (Mass. 2004) (chapter 151B). Temporal proximity of an employee's protected activity to an employer's adverse action can be sufficient circumstantial evidence of causation to survive summary judgment. Mesnick v. Gen. Elec. Co., 950 F.2d 816, 828 (1st Cir. 1991). Here, the employer imposed the PIP that lead to plaintiff's firing a little under three months after he returned from FMLA leave. And Mr.

Workman sent the email in the same month he was fired.  This is close enough in time that a factfinder could find a causal connection.

After plaintiff's prima facie showing, defendant must present evidence of non-discriminatory reasons for plaintiff's firing, and plaintiff must then prove those reasons are pretextual.  McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–804 (1973). It may well be that plaintiff cannot prove this last point, but once the prima facie case has been established, courts must be "particularly cautious" about granting summary judgment.  Hodgens v. Gen. Dynamics Corp., 144 F.3d 151, 167 (1st Cir. 1998).  Here, the plaintiff rests on more than mere "conclusory allegations, improbable inferences, and unsupported speculation."  Id. (quoting Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir.1994)). Summary judgment is therefore denied as to these counts.

### d. FMLA Interference (Count VIII)

There has been some confusion whether retaliation can be characterized as interference under the FMLA.  See Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 331 (1st Cir. 2005) ("courts have disagreed about whether 'interference' refers to a category of claims separate and distinct from those involving retaliation, or whether it describes a group of unlawful actions, of which retaliation is a part."). "[W]hether a claim is characterized as 'interference' or not, its elements actually differ depending on whether the plaintiff is, at bottom, claiming that the employer denied his . . . substantive rights under the FMLA or that the employer retaliated against him . . . for having exercised or attempted to exercise those rights. Id. at 331–32.  Plaintiff's theory of this claim is that his medical leave was a negative factor considered against him in the termination decision.  The First Circuit has plainly stated such a "negative factor case" cannot be characterized as interference and is only a retaliation claim.  Mellen v.

Trustees of Bos. Univ., 504 F.3d 21, 27 (1st Cir. 2007).  The motion for summary judgment as to this count is allowed.

### IV. Conclusion

The motion for summary judgment (Docket # 25) is DENIED with respect to Counts IV, VI, and VII and ALLOWED with respect to Counts V and VIII.


    July 22, 2020                                       /s/ Rya W. Zobel  
        DATE                                            RYA W. ZOBEL  
                                                      UNITED STATES DISTRICT JUDGE